UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:23-CV-P139-JHM

**DANTE' CORVETTE STONE**                                                                 **PLAINTIFF**

**v.**

**THE GOOD OLD BOYS DOMESTIC
TERRORISTS' ORGANIZATION** *et al.*                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Dante' Corvette Stone, an inmate formerly housed at the Kentucky State Penitentiary (KSP), filed this *pro se* prisoner 42 U.S.C. § 1983 action. By Memorandum Opinion and Orders entered May 1, 2025, the Court undertook an initial review pursuant to 28 U.S.C. § 1915A of the action and dismissed the action without prejudice and with leave to amend the complaint as to Plaintiff's conditions-of-confinement claims only (DNs 33 and 34).[1] The Court stated, "If Plaintiff chooses to file an amended complaint, he shall name and identify as Defendants the KSP officials who knew of his alleged conditions of confinement . . . and explain how each Defendant was deliberately indifferent to these conditions" (DN 33).

Plaintiff has now filed an amended complaint (DN 37), which is before the Court for initial review under § 1915A. For the reasons stated herein, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

In the amended complaint, Plaintiff lists three Defendants—Scott Jordan, Deputy Commissioner of the Kentucky Department of Corrections (KDOC); Laura Plappert, KSP Warden; and Robin McCallister, a grievance coordinator at KSP.[2]

---

[1] After the Court gave Plaintiff leave to file an amended complaint, Plaintiff filed a motion for extension of time to file an amended complaint (DN 35). By prior Memorandum and Order (DN 36), the Court construed the motion as a motion to reopen the action, granted the motion to reopen and for an extension, and vacated the dismissal order.

[2] In the caption of the amended complaint, Plaintiff writes "et al." after Jordan, Plappert, and McCallister's names.

Plaintiff states as follows:

On 7/27/23 and 7/26/25 I filed grievances pertaining to raw sewage pools that contaminated the air of Ky. State Penitentiary 3 cellhouse. The carbon emitted from the human waste in the huge pool caused me to suffer from every carbon related illness & will contribute to my internal organ failure & death. I was held in this toxic environment from May, 2023 to May, 2024 on and off.

On 7/28/25 Scott R. Jordan violated my rights by retaliating against the above-stated grievances, which Robin McCallister misfeasantly rejected on the same date. On or about the above-dates I also filed grievances for the sewage backups pooling in pockets of paint on my cell wall and dripping onto me from the ceiling.

Injuries include passing out from carbon expose and hitting head & other body parts causing contusions and bruisings.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

---

In the "Defendants" section of the complaint form, he lists only Jordan, Plappert, and McCallister. Under Fed. R. Civ. P. 10(a), "[t]he title of the complaint must name all the parties[.]" For these reasons, the Court does not consider Plaintiff's inclusion of "et al." in the caption as suing additional Defendants.

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Conditions of confinement*

The Court construes Plaintiff's allegations that he was exposed to raw sewage while he was housed at KSP as a claim for violation of the Eighth Amendment based on his conditions of confinement. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). A plaintiff "must state a plausible constitutional violation against

each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012). Plaintiff's allegations about the conditions of his confinement do not specify which Defendant, if any, was responsible for the alleged conditions, despite the Court ordering in its prior Memorandum Opinion and Order that Plaintiff, should he choose to amend, "shall name and identify as Defendants the KSP officials who knew of his alleged conditions of confinement . . . and explain how each Defendant was deliberately indifferent to these conditions." Because Plaintiff does not identify the individuals responsible, the claim must be dismissed for failure to state a claim upon which relief may be granted. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).

Furthermore, to the extent Plaintiff sues Jordan and Plappert based on their supervisory roles as KDOC Deputy Commissioner and KSP Warden, respectively, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*,

4

69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff states no allegations to support Jordan's or Plappert's personal involvement in his conditions of confinement. Therefore, the claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Grievance handling

Plaintiff also alleges that McCallister rejected his grievances. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on her handling of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter*, 532 F.3d at 576 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim.").

5

Accordingly, Plaintiff's claim against McCallister based on the rejection of his grievances must be dismissed for failure to state a claim upon which relief may be granted.

### *C. Retaliation*

Plaintiff also alleges that Jordan retaliated against him for filing grievances. Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam). To state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394).

Even assuming that Plaintiff satisfies the first prong, he offers no facts to allege what adverse action was taken against him or to allege that there was a causal connection between him filing grievances and any adverse action. *See Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that "merely alleg[ing] the ultimate fact of retaliation" is not sufficient to state a claim). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Therefore, Plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will enter a separate order dismissing the action.[3]

Date:   September 5, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010

---

[3] Plaintiff also filed a motion for a preliminary injunction and temporary restraining order (TRO) (DN 39).  The motion requests this Court, among other things, to order the Kentucky Court of Appeals to reverse and remand its denial of Plaintiff's petition for writ of mandamus filed in that court and to produce a decision on the appeal of the denial of his post-conviction motions in his state-court criminal case.  The relief sought in the motion for a preliminary injunction and TRO is entirely different from the claims alleged in the amended complaint, and the motion must be denied on this basis.  *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'") (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  Moreover, this Court has no authority to order the Kentucky Court of Appeals to take any action on his appeal in this § 1983 action.  Therefore, the motion will be denied as moot.